IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON CHARLES HOMER,<br>    Petitioner, | § § § | |
| v. | § | 3:09-CV-1634-D |
| | § | |
| STATE OF TEXAS, and CRAIG WATKINS,<br>    Respondents. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a pre-trial detainee pursuant to 28 U.S.C. § 2241.

Parties: At the time of filing this action, petitioner was incarcerated at the Dallas County Jail. His whereabouts are presently unknown. Respondents are the State of Texas and District Attorney Craig Watkins. The court has not issued process in this case pending preliminary screening.

Statement of the Case: On September 1, 2009, Petitioner filed a § 2241 habeas corpus petition seeking to remove a pending state criminal prosecution to federal court. He alleged that he could not "enforce nor enjoy his equal civil rights in state court due to [the] color of his skin." (Fed. Pet. at 10). On September 29, 2009, the court issued a questionnaire to Petitioner seeking

information about his pending state charge(s) and the basis for his claim(s).  The questionnaire was returned to the court as undeliverable on October 9, 2009, because Petitioner is no longer confined within the Dallas County Jail.  As of the filing of this recommendation, Petitioner has yet to notify the court of his new address.

   Findings and Conclusions:  Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

   Petitioner has had ample opportunity to contact the court and advise it of his new address.  It appears that Petitioner was released from the Dallas County Jail as early as September 15, 2009.  On that day, according to clerk's office personnel, Petitioner personally came to the court to pay the $5.00 filing fee.  It appears, however, that he did not advise the clerk of his new address.  The court is not required to delay disposition in this case until such time as Petitioner provides his current address.  Therefore, this action should be dismissed without prejudice for want of prosecution.  *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare*

*Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for want of prosecution.

Signed this 13th day of October, 2009.

```
                            WM. F. SANDERSON, JR.
                            UNITED STATES MAGISTRATE JUDGE
```

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

[1] At the present time no statute of limitations is implicated. Generally the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), is inapplicable to § 2241 habeas petitions like the one at issue in this case. As such, the court need not apply the higher *Callip* standard of review. *See Bryson v. United States*, 553 F.3d 402, 403-04 (5th Cir. 2008) (dismissal with prejudice under Rule 41(b) is appropriate in a § 2241 case "where there is a 'clear record of delay or contumacious conduct by the plaintiff, . . . , and when lesser sanctions would not serve the best interests of justice.").

3